﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200421-78868
DATE: March 31, 2021

ORDER

Readjudication of the previously denied claim of entitlement to service connection for bilateral pes planus is not warranted, as new and relevant evidence has not been received.

Readjudication of the previously denied claim of entitlement to service connection for patellar femoral syndrome of the right knee is not warranted, as new and relevant evidence has not been received.

Readjudication of the previously denied claim of entitlement to service connection for patellar femoral syndrome of the left knee is not warranted, as new and relevant evidence has not been received.

FINDINGS OF FACT

1. The evidence received following an unappealed February 1994 rating decision that denied service connection for pes planus is not new and relevant.

2. The evidence received following an unappealed September 1997 rating decision that denied service connection for patellar femoral syndrome of the bilateral knees is not new and relevant.

CONCLUSIONS OF LAW

1. The criteria to readjudicate a claim for service connection for pes planus are not met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156, 3.2501.

2. The criteria to readjudicate a claim for service connection for patellar femoral syndrome of the bilateral knees are not met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156, 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Marine Corps from July 1989 to July 1993, to include service in Operation Desert Shield/Storm. His decorations include the Rifle Expert Badge (2nd award), the Sea Service Deployment Ribbon with Two Stars, the Navy Unit Commendation Medal, the Good Conduct Medal, the Armed Forces Expeditionary Medal, the Meritorious Mast, and the National Defense Service Medal.

The April 2020 rating decision on appeal was issued under the new Appeals Modernization Act (AMA) framework, and the Veteran initiated the appeal to the Board that month with the filing of a Decision Review Request (VA Form 10182), requesting direct review by a Veterans Law Judge on the evidence of record at the time of the rating decision. Under the AMA, when a claimant seeks appellate review through the Board’s direct review docket, the Board may consider the evidence of record at the time of the rating decision on appeal; here, that date is April 3, 2020. 38 U.S.C. § 7113 (a).

New and Relevant Evidence

Under the AMA, in order to readjudicate a previously disallowed claim, new and relevant evidence must be received. 38 U.S.C. § 5108 (a); 38 C.F.R. § 3.156 (d). “New evidence” is evidence not previously part of the actual record before agency adjudicators. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501 (a)(1).

The questions in this case are whether the Veteran submitted evidence after the prior final denial of his claims for service connection in the legacy system in February 1994 and September 1997, and if so, whether that evidence is new and relevant to his claims.

A rating decision in the legacy system becomes final if the Veteran did not submit a Notice of Disagreement within one year of notification of the rating decision, or did not perfect an appeal to the Board within 60 days of the issuance of the Statement of the Case. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.160 (d), 20.302, 20.1103. 

Here, while the Veteran did submit a Notice of Disagreement in response to the February 1994 rating decision, he explicitly appealed an issue other than pes planus, a fact that was confirmed in a subsequent, January 1998 Board decision. Thus, the February 1994 rating decision was unappealed and is final. Similarly, the Veteran did not submit a Notice of Disagreement in response to the September 1997 rating decision denying service connection for patellar femoral syndrome of the bilateral knees; thus, that decision is final. 

The evidence of record at the time of the unappealed rating decisions consisted of the Veteran’s service treatment records and private treatment records, including a September 1996 letter from a private provider who discussed the Veteran’s bilateral knee pain. 

In the February 1994 rating decision, the RO denied the Veteran’s pes planus claim, finding that although the condition existed prior to service, there was no evidence that it had been aggravated by service. In the September 1997 rating decision, the RO denied the bilateral knee claim finding that although the condition was noted at separation, there was no indication that it was caused or aggravated by service. 

Evidence added to the claims file since these final rating decisions includes VA treatment records, as well as a December 2019 letter from a VA physician, documenting mild degenerative changes of the Veteran’s bilateral knees. 

With respect to the VA treatment records, they reflect reports of flat feet and treatment for bilateral knee pain. The new VA treatment records do not address the question of whether the Veteran’s conditions were caused or aggravated by his military service. The December 2019 letter merely confirms a bilateral knee condition, information which was already part of the file in 1997. Thus, these records are cumulative of evidence that was already in the file. Similarly, the Veteran’s contentions relating his conditions to service are essentially duplicative of those that were before VA at the time of the previous rating decisions. As such, the Veteran’s repeated contentions are not new. See Reid v. Derwinski, 2 Vet. App. 312, 315 (1992).

The Board notes that the claims were previously denied because there was no nexus between the physical conditions and the Veteran’s military service. Evidence submitted in connection with the Veteran’s claim to reopen the previously-denied decisions does not provide, describe or confirm such a nexus. Thus, the Board finds that while this evidence is new because it has not been previously considered, it is not “relevant” because it does not tend to prove or disprove a matter in issue. 

Accordingly, as new and relevant evidence to reopen the finally denied claims for service connection for pes planus and bilateral knee disabilities has not been received, the benefit of the doubt doctrine is not for application. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The claims to reopen are denied.

 

 

JEREMY J. OLSEN

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Willis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.